The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 13, 2012, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: February 13, 2012



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 11-16958 |
| STEVEN R. STARR, <br>     Debtor. | Chapter 7 |
| _____ | Adversary Proceeding |
| CENTRAL MUTUAL <br> INSURANCE COMPANY, <br>     Plaintiff, | No. 11-1317 <br><br> Judge Arthur I. Harris |
| v. | |
| STEVEN R. STARR, <br>     Defendant. | |

## MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the defendant's motion to dismiss the plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[1] This opinion is not intended for official publication.

For the reasons that follow, the Court finds that the plaintiff's amended complaint does not state a claim upon which relief can be granted but allows the plaintiff 21 days to file a second amended complaint.

## JURISDICTION

An action to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over core proceedings under 28 U.S.C. §§ 157(a) and 1334 and Local General Order Number 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY

On August 11, 2011, Steven Starr ("the debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code. On November 16, 2011, Central Mutual Insurance Company ("the plaintiff") initiated this adversary proceeding by filing a complaint to determine the dischargeability of a debt. The plaintiff amended its complaint on November 17, 2011. The plaintiff's amended complaint alleges that a state court judgment the plaintiff obtained against the debtor should be excepted from discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). Although the allegations are largely conclusory, the plaintiff alleges that the debtor's employer sustained a loss due to the debtor's embezzlement/conversion of funds; that the

plaintiff indemnified the debtor's employer as a result of an employee dishonesty claim; and that the plaintiff obtained a state court judgment against the debtor on or about June 28, 2011. On January 9, 2012, the debtor moved to dismiss the amended complaint under Rule 12(b)(6), and on January 24, 2012, the plaintiff filed its brief in opposition.

DISCUSSION

The debtor seeks dismissal of this adversary proceeding under Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(b). Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Pleadings in adversary proceedings are governed by Federal Rule of Civil Procedure 8, made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7008. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

3

A complaint must also "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Supreme Court has stated that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The Supreme Court further noted that:

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

*Iqbal*, 129 S. Ct. at 1950 (citations omitted). Under the pleading standard conveyed in *Iqbal* and *Twombly*, a complaint must allege more than a mere "formulaic recitation" of the elements of a claim to withstand a Rule 12(b)(6) challenge. *NM EU Corp. v. Deloitte & Touche LLP* (*In re NM Holdings Co.*), 622 F.3d 613, 623 (6th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949); *See also Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). "[A] legal conclusion couched as a factual allegation" need not be accepted as true. *Rondigo, L.L.C. v.*

*Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

In this case, the plaintiff's amended complaint alleges that a state court judgment the plaintiff obtained against the debtor is excepted from discharge under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).  A party may set out more than one statement of a claim in a single count; however, at least one of the statements must be sufficient for the pleading to be sufficient.  Fed. R. Civ. P. 12(d)(2).  The plaintiff's amended complaint is not plausible on its face because the factual content pleaded is insufficient for the Court to draw the reasonable inference that the debtor is liable for the misconduct alleged.  In its amended complaint, the plaintiff alleges the following facts relevant to its claim: (1) the debtor owes the plaintiff $25,000, (2) the debtor was an employee of Guaranteed Finishings ("Guaranteed"), (3) on or about April 7, 2011, Guaranteed sustained a loss in embezzlement/conversion of funds by the debtor through his employment in excess of $25,000, (4) plaintiff paid $25,000 to Guaranteed on its employee dishonesty insurance claim; and (5) on or about June 28, 2011, plaintiff obtained a judgment in Cuyahoga County Common Pleas Court against the debtor.  As explained, more fully below, these conclusory allegations are insufficient to meet the post-*Twombly/Iqbal* pleading standards when it comes to claims of

nondischargeability. For example, without more specific facts or without attaching the state court complaint and judgment, it is unclear what claim or claims provided the basis of the state court judgment. If the state court judgment is the result of the debtor's embezzlement or conversion of funds that belonged to the debtor's employer, that may well state a claim of nondischargeability. With the first amended complaint, however, there are no factual allegations connecting the state court judgment with actions by the debtor that would make the state court judgment nondischargeable under the plaintiff's alternative theories.

Section 523(a)(2) provides, in pertinent part, that a discharge under Section 727 does not discharge an individual debtor from any debt for money or property obtained by false pretenses, a false representation, actual fraud, or use of a statement in writing under certain circumstances. The plaintiff does not plead sufficient facts that allow the Court to draw the reasonable inference that the debtor intentionally misrepresented any fact or made any affirmative misrepresentations, and that this conduct provided the basis for the state court judgment against the debtor. Hence, the amended complaint is not plausible on its face as to the allegation of nondischargeability under Section 523(a)(2).

Section 523(a)(4) provides, in pertinent part, that a discharge under Section 727 does not discharge an individual debtor "for fraud or defalcation

while acting in a fiduciary capacity, embezzlement, or larceny[.]" The plaintiff's amended complaint fails to allege sufficient facts that allow the Court to draw the reasonable inference that the debtor acted in a fiduciary capacity during his employment at Guaranteed, was entrusted with any money or property during his employment at Guaranteed, or that the debtor took Guaranteed's personal property with the intent to steal it, and that this conduct provided the basis for the state court judgment against the debtor. Therefore, the amended complaint is not plausible on its face as to the allegation of nondischargeability under Section 523(a)(4).

With regard to plaintiff's third alternative claim, Section 523(a)(6) provides, in pertinent part, that a discharge under Section 727 does not discharge an individual debtor "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" Once again, the amended complaint fails to allege sufficient facts that allow the Court to draw the reasonable inference that the debtor's actions were willful and malicious, and that this conduct provided the basis for the state court judgment against the debtor. Hence, the amended complaint is not plausible on its face as to the allegation of nondischargeability under Section 523(a)(6).

Accordingly, the amended complaint fails to state a claim upon which relief can be granted. The Court grants the plaintiff 21 days to file a second amended complaint.

CONCLUSION

For the foregoing reasons, the amended complaint is dismissed with leave to amend. The plaintiff must file a second amended complaint that complies with Federal Rule of Civil Procedure 8(a)(2) within 21 days, or this adversary proceeding will be dismissed. Pursuant to Federal Rule of Bankruptcy Procedure 7015, the debtor shall respond to the second amended complaint within 14 days.

IT IS SO ORDERED.